## No. 581

### CHAPPARS v. HAZEN, Rec.

### No. 20470.  Supreme Court.

On mo. to cer.  Dock. 4-20-27; 5 Abs. 281.

**677. JUDGMENT.**—Is Court of Appeals justified in reversing entire case upon failure of lower court to enter judgment upon the verdict?

The J. Louis Motz Co. commenced this action in the Butler Common Pleas, setting forth in its petition ten causes of action, the first cause being upon an account for merchandise sold and delivered and the following eight causes of action were each founded upon promissory notes which were given in a series for the purchase price of a soda fountain and fixtures for an ice-cream parlor operated by Steve Chappars. The tenth cause of action prayed for a foreclosure of a chattel mortgage upon the property so sold to secure the notes sued upon.

The defendant filed an answer and cross petition denying his indebtedness and setting up by way of cross petition a breach of warranty of the goods so sold to him and alleged that by reason of said breach of warranty he rescinded the contract of purchase and offered to return the goods but that the plaintiff refused to accept the same and also asked for special damages sustained to him and by reason of injury to his business by reason of said breach of warranty.

On the trial of the case before a jury a verdict was returned against the plaintiff on its petition and in favor of Chappars on his cross petition in the sum of $1,008.33 and finding that Chappars was entitled to rescind the contract and that the plaintiff was entitled to a return of the goods.

Judgment was rendered on this verdict and on error proceedings the Court of Appeals reversed said judgment and remanded the cause for a new trial upon the sole grounds that the court, in its general charge, did not state or refer to any of the causes of action on the notes and that judgment was not entered upon the verdict returned.

To reverse this finding of the Court of Appeals Chappars here contends:—

1. That the Court of Appeals erred in holding that the general charge of the trial court did not refer to the causes of action upon the notes, but that the whole charge of the court continually referred to these causes of action in unmistakable terms and further that the plaintiff below did not raise the question at any stage of the proceedings and at no time requested the trial court to further charges on any matters.

2. The Court of Appeals was not warranted in remanding the cause for a new trial even if judgment was not entered on the verdict returned.

(a)—plaintiff-in-error contends that judgment was correctly entered on the verdict.

(b)—If judgment was not properly entered on the verdict it was the duty of the Court of

Appeals to remand the cause back to the Court of Common Pleas with instructions to enter judgment on the verdict in the manner so found by the Court of Appeals and not reverse the whole cause and remand the case back for a new trial.

Attorneys—H. S. Wonnell, Hamilton, for Chappars; L. B. Sawyer, Cincinnati, for Receiver.